JONATHAN R. ANDERSON *et al.*, Appellants, *v.* THE CHICAGO MARINE AND FIRE INSURANCE COMPANY, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Although a tenant evicted from a part of demised premises, is not under obligation to pay rent for the part he occupies; yet if the tenant at the expiration of the term gives his note for the rent of the premises, it will be presumed that his moral obligation was so impressive as to induce him to give the note in case of his conscience, and the note may be collected.

THIS action was assumpsit, brought in the Cook County Court of Common Pleas, and tried at the June term, A. D. 1858, before J. M. WILSON, judge, without a jury.

The suit was founded upon a promissory note made by the plaintiffs in error, and given to the defendants in error, for three hundred dollars, payable in sixty days, dated the 9th day of April, A. D. 1856.

The declaration contained two special counts upon this note, and the common counts.

To this declaration the defendants below pleaded the general issue, and four special pleas to the first two counts thereof.

The first and fourth special pleas are the only ones upon which any questions arise.

The first is a plea of want of consideration, and is as follows : " And for a further plea in this behalf, as to the first and second counts, etc., defendants say *actio non*, because they say, that on, to wit, the 31st day of March, A. D. 1855, to wit, at Chicago aforesaid, the said The Chicago Marine and Fire Insurance Company, by a lease, in writing, under the seal thereof, and the hand of its president (which said lease, the date whereof is the day and year aforesaid, the said defendants now bring here into court) demised and leased to the said defendants the room looking west, numbered nine, in the third story above the basement of the Marine Bank Building, corner of Lake and La Salle streets, in the city of Chicago, *together with the closets*, safe and inner room connected therewith, to have and to hold the said premises with the appurtenances, from the first day of April, A. D. 1855, for and during and until the first day of April, A. D. 1857, the said defendants rendering yearly rent therefor, of four hundred dollars, payable, one hundred dollars on the first days of July and September, A. D. 1855, January, April, July and October, A. D. 1856, and January and March, A. D. 1857, respectively. By virtue of which said demise, they, the said defendants, on, to wit, the said first day of April, A. D. 1855, entered as well into the said room, numbered nine, and the said safe and inner room connected therewith, *as into*

*the said closets connected therewith*, and were thereof possessed, and being so thereof possessed, they, the said defendants, say that the said plaintiff afterwards and before the first day of July A. D. 1855, to wit, on the first day of April, A. D. 1855, entered into the said closets, parcel of the said premises so demised to the said defendants as aforesaid, upon the possession of the said defendants thereof, and expelled and removed them, the said defendants, from the possession thereof, and kept out them, the said defendants, from the possession thereof always from thence until after the first day of April, A. D. 1856, and after the time of the giving of said promissory note in said counts mentioned.

" And the said defendants further say, that the said promissory notes mentioned and described in said first and second counts in said declaration, are one and the same note, and the said cause of action mentioned in said second count is identically the same as that mentioned in the first count of said declaration. That the said promissory note in said counts mentioned was made by the said defendants, endorsed by the said Frank Parmelee, and delivered by defendants to the plaintiff, for the supposed rents payable under and by virtue of said lease, on the first day of September, A. D. 1855, on the first day of January, A. D. 1856, and on the first day of April, A. D. 1856, and being one hundred dollars each, as aforesaid, and for no other consideration whatever, of all which the said plaintiff, at the time of the making. of said note, to wit, at Chicago, had notice. And this the said defendants are ready to verify, wherefore," etc.

To which plea the plaintiff replied several replications, of which the fourth was as follows :

And for further replication to said second plea, by the defendants above pleaded, special leave of the court for that purpose first had and obtained, now come the said plaintiffs, and say they ought not to be barred from having and maintaining their said action by anything in said plea secondly above contained, because they say that the defendants continued to occupy, use and enjoy all the rest of said demised premises in said plea mentioned, after they were evicted from said closets, as in said plea alleged, and this they are ready to verify. Wherefore they pray judgment, etc.

To this replication the defendants demurred, and the court overruled the demurrer.

And the said plaintiffs further replied to the plea aforesaid, as follows :

And for a further replication, etc., because they say that after the defendants had been evicted from said closets, as in said plea

alleged, the said defendants settled up *the rents of said premises*, and gave the note in said first and second counts mentioned for the same, and this the plaintiffs are ready to verify, etc.

To this replication the defendants rejoined as follows :

And the said defendants, as to the said replication of the said plaintiffs secondly above pleaded to the defendants' second plea, say that plaintiff ought not, etc., because they say that the said note was given for the said supposed installments of rent, payable in and by the lease mentioned and described in said second plea, supposed to have accrued during the time the said eviction continued, in the said plea alleged, on the first day of September, 1855, and on the first days of January and April, 1856, and not for any other rents or consideration whatever, and of this the said defendants put themselves upon the country.

To this rejoinder the plaintiff filed a demurrer, and showed for cause that the said rejoinder should have concluded with a verification.

The court sustained the demurrer, and defendants stood by their pleadings.

The defendants' fourth plea is a plea of set-off.

To this plea, the plaintiff, among other replications filed the following, as the fifth replication to the fourth plea :

And for a further replication to said fourth plea, plaintiffs say *precludi non*, because they say, that after the defendants had been evicted from said closets, as in said plea alleged, the said defendants continued to occupy and enjoy the rest of said premises so demised, and after so occupying and enjoying the same, the said defendants *settled up for said rent*, and gave the said note in said first and second counts mentioned, *for the same*. And this, etc.

To this replication the defendants demurred, and the court overruled the demurrer.

The court decided against the defendants on all of said issues of law, and gave judgment for the plaintiff against defendants, for the amount of said note and interest, and defendants appealed.

The sustaining the demurrer of the plaintiff below to the defendants' rejoinders, the overruling of the defendants' demurrers to the plaintiff's replications, and the giving judgment aforesaid for plaintiff against the defendants, are assigned for error.

W. K. McAllister, for Appellants.

Shumway, Waite & Towne, for Appellee.

CATON, C. J.   The law undoubtedly is, that if the landlord evicts the tenant from a part of the demised premises, the tenant is under no legal obligation to pay rent for the balance, although he continues to enjoy them.   The proof shows that the tenant in this case was excluded from the water-closet which was a part of the demised premises, and that he continued to enjoy the office, which was the balance of the demised premises, till the end of the term, after which, he gave his note for the rent of the premises thus enjoyed.   Although there was no legal obligation resting upon the tenant, to pay any rent for the office which he thus enjoyed, there may have been and we think from the circumstances of the case there was, a moral obligation resting on the tenant to pay for the enjoyment of the office— and so we are bound to presume the tenant considered it, or else he would not have given this note.   He knew best whether a sense of this moral obligation was resting on his conscience, and the presumption is, that he gave the note to ease his conscience of that burthen.   He knew all the facts of the case.   He knew when he gave the note that he had been evicted from the water-closet, and whether there was any sufficient moral reason for such a course on the part of his landlord, and he also knew that he had enjoyed the office without disturbance, which was undoubtedly the principal part of the demised premises.   This moral obligation, was a sufficient consideration for the note. The judgment must be affirmed.

*Judgment affirmed.*